IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDRE WADE,

    Petitioner,

v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-1101
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On August 14, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that this action be dismissed. (ECF No. 14.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 21.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 21) is **OVERRULED**. The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Jefferson County Court of Common Pleas on charges of rape, possession of drugs, and assault. The trial court imposed a term of twelve years incarceration, and classified Petitioner as a tier III sex offender. The Ohio Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court declined to accept jurisdiction of the appeal. Petitioner unsuccessfully pursued an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). He asserts that he was denied the effective assistance of counsel because his attorney failed to object to bad character evidence and failed to impeach witnesses (claim one); that the evidence was constitutionally insufficient to sustain his

1

rape conviction (claim three);[1] that he was denied the effective assistance of trial counsel because his attorney failed to request a lesser included jury instruction on the offense of sexual battery (claim four); and that he was denied the effective assistance of appellate counsel because his attorney failed to advise him of the deadline for filing a petition for post conviction relief, or raise a claim of the denial of the effective assistance of trial counsel (claim six). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit.

Petitioner maintains that his attorney performed in a constitutionally inadequate manner by failing to request a jury instruction on the lesser included offense of sexual battery, and that his appellate counsel should have raised this claim on direct appeal. He objects to the Magistrate Judge's recommendation of dismissal of both of these claims as procedurally defaulted, arguing he has established cause for his failure to raise the issue on direct appeal, and that he did not waive his claim of the denial of the effective assistance of appellate counsel in Rule 26(B) proceedings, as the appellate court addressed the issue on the merits. The record, however, does not support this argument.

The state appellate court dismissed Petitioner's Rule 26(B) application indicating in relevant part as follows:

> {¶ 6} Although Wade's timely application includes a sworn statement, he failed to provide the portions of the record upon which he relies and cites throughout his application. "App. R. 26(B)(2)(e) places the responsibility squarely upon the applicant to provide the court of appeals with such portions of the record as are available to him." Where an applicant fails to do so, "his application [is] properly denied." *State v. McNeill*, 83 Ohio St.3d 457, 459, 700 N.E.2d 613 (1998). Wade has not satisfied these requirements; thus, we need not reach the merits of his arguments.
>
> {¶ 7} Even if Wade had satisfied the requirements of App.R. 26, his application does not present the "colorable claim of ineffective assistance of counsel" necessary to demonstrate a genuine issue that merits reopening. *State v. Sanders*, 75 Ohio St.3d 607, 607, 665 N.E.2d 199 (1996).

---

[1] Petitioner has withdrawn claims two and five.

*State v. Wade*, 7th Dist. No. 14JE0036, 2017 WL 2437279, at *1-2 (Ohio Ct. App. June 5, 2017). The appellate court also went on to indicate that Petitioner's claim lacked merit. Nonetheless, an alternative ruling on the merits does not forgive the waiver or otherwise revive a claim for purposes of habeas corpus review. *See Johnson v. Bobby*, 2009 WL 3124423, at *34 (S.D. Ohio Sept. 29, 2009) (citing *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding"); *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (stating that where state court's dismissal of claim on merits constitutes an alternative holding, federal habeas court will consider the claim procedurally defaulted) (other citation omitted). Therefore, Petitioner has failed to establish cause for failing to raise a claim of the denial of the effective assistance of trial counsel on direct appeal. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action.  The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED:  February 11, 2019**